FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL M. MASCHMEYER, as Personal Representative of the estate of R. Wayne Estopinal, deceased,<br><br>Plaintiff,<br><br>v.<br><br>TAMARACK AEROSPACE GROUP, INC., and CRANFIELD AEROSPACE SOLUTIONS LIMITED,<br><br>Defendants. | NO: 2:20-CV-61-RMP<br><br>ORDER GRANTING DEFENDANT CRANFIELD AEROSPACE SOLUTIONS LIMITED'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION |

BEFORE THE COURT is Defendant Cranfield Aerospace Solutions Limited's Motion to Dismiss, ECF No. 22, for lack of personal jurisdiction, under Fed. R. Civ. P. 12(b)(2), and failure to state a claim for relief, under Fed. R. Civ. P. 12(b)(6). The Court has reviewed the briefing submitted by the parties, the remaining docket, the relevant law, and is fully informed.

The Court first must resolve Cranfield's challenge to personal jurisdiction under Rule 12(b)(2) before reaching any Rule 12(b)(6) arguments to dismiss.

ORDER GRANTING DEFENDANT CRANFIELD AEROSPACE SOLUTIONS LIMITED'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION ~ 1

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). "'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Id.* (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)).

Plaintiff Michael Maschmeyer does not contest that this Court lacks personal jurisdiction over Defendant Cranfield and requests dismissal without prejudice. ECF No. 27 at 2. Cranfield does not object to dismissal without prejudice, but requests that the Court award Cranfield its attorney fees and costs under the Washington State long-arm statute, Revised Code of Washington ("RCW") § 4.28.185(5). ECF No. 33 at 3.

The Washington long-arm statute gives the Court discretion to award reasonable fees:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW § 4.28.185(5). Courts should evaluate a request for fees under RCW § 4.28.185(5) and should balance the statute's twin aims: "(1) compensating an out-of-state defendant for its reasonable efforts to contest jurisdiction and avoid harassment; and (2) encouraging the full exercise of state jurisdiction." *DiscoverOrg Data LLC v. NDivision Servs.*, No. C19-5508RBL, 2019 U.S. Dist. LEXIS 221157, at *2 (W.D. Wash. Dec. 26, 2019) (citing *Scott Fetzer Co. v. Weeks*,

122 Wash.2d 141, 149 (1993) (*Fetzer II*); *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wash.2d 109, 122 n.6 (1990) (*Fetzer I*)).  The Court has especially broad discretion to deny a motion for attorney's fees "'when the circumstances of a case fall outside the heartland of RCW 4.28.185(5)['s] purpose' of deterring frivolous, unfair, or unjust litigation in Washington." *DiscoverOrg Data*, 2019 U.S. Dist. LEXIS 221157, at *2 (quoting *Johnson v. Venzon*, Case No. C12-895RSL, 2012 U.S. Dist. LEXIS 123934, at *16−17 (W.D. Wash. Aug. 30, 2012)).  "These principles 'serve to ensure that otherwise valid claims are not abandoned merely out of fear of the possibility of fee shifting.'" *DiscoverOrg Data*, 2019 U.S. Dist. LEXIS 221157, at *2 (quoting *Johnson*, 2012 U.S. Dist. LEXIS 123934, at *16−17).

Maschmeyer alleged in the Amended Complaint that Cranfield is subject to personal jurisdiction in this Court because Cranfield transacted business in the State of Washington and the business related specifically to the design, production, and/or sale of the Tamarack Aerospace "Winglets" load alleviation system at issue in this action.  ECF No. 21 at 3.  Cranfield supported its Motion to Dismiss with a declaration from Cranfield's Head of Design denying the alleged contacts by Cranfield with the State of Washington.  ECF No. 23.  Maschmeyer conceded the lack of personal jurisdiction based on the additional information provided through Cranfield's Motion to Dismiss.  ECF No. 27 at 2.

Cranfield posits that RCW § 4.28.185(5) applies because Maschmeyer served Cranfield at its home office in England, and Maschmeyer is voluntarily dismissing

ORDER GRANTING DEFENDANT CRANFIELD AEROSPACE SOLUTIONS LIMITED'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION ~ 3

Cranfield from the case for want of personal jurisdiction. ECF No. 34 at 2−3. However, Maschmeyer's initial allegations and the subsequent developments set forth above do not support that Plaintiff's basis for asserting jurisdiction was frivolous. Cranfield does not make any argument toward that end. Nor do the circumstances of Cranfield's Motion to Dismiss compel a conclusion that traditional notions of fair play and substantial justice favor an award of fees. *See Johnson*, 2012 U.S. Dist. LEXIS 123934, at *16−17). Therefore, the Court declines to exercise its discretion to award fees and costs in these circumstances, which the Court finds to be outside of the "heartland" of the purposes supported by RCW § 4.28.185(5). *DiscoverOrg Data*, 2019 U.S. Dist. LEXIS 221157, at *2.

Accordingly, the Court grants dismissal of the Amended Complaint as against Cranfield and denies an award of fees under RCW § 4.28.185(5).

**IT IS HEREBY ORDERED** that:

1. Defendant Cranfield's Motion to Dismiss, **ECF No. 22**, is **GRANTED**, with respect to dismissal pursuant to Fed. R. Civ. P. 12(b)(2). The remainder of the Motion, with respect to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), is **DENIED AS MOOT**.

2. The claims against Defendant Cranfield in Plaintiff Maschmeyer's Amended Complaint, ECF No 19, are **dismissed without prejudice**. Cranfield shall be terminated as a party in this action.

3. The Court denies Cranfield's request for fees and costs.

ORDER GRANTING DEFENDANT CRANFIELD AEROSPACE SOLUTIONS LIMITED'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION ~ 4

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** October 2, 2020.

> _s/ Rosanna Malouf Peterson_
> ROSANNA MALOUF PETERSON
> United States District Judge